BENEFICIAL FINANCE COMPANY, Plaintiff-Appellant, v. SMITH, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5800. Decided December 20, 1957.

Henry A. Reinhard, Columbus, for plaintiff-appellant.
Marie C. Galleher, Columbus, for defendant-appellee.

**OPINION**

By THE COURT.

This is a law appeal from a judgment of the Municipal Court of Columbus, Ohio. Inasmuch as there was no jury, it became the duty of the court to decide both the facts and the law in the case.

The case began against Howard Smith and his wife, Mary Smith; but during the trial, Mary Smith was dismissed by agreement as a party defendant for the reason, according to appellant's brief. that she did not sign the financial statement. In this court the remaining parties are the plaintiff, appellant herein, and Howard Smith, defendant, appellee herein.

It appears that Howard and Mary Smith had lived in Cleveland, where they had a loan with another branch of appellant company; and after moving to Columbus, their loan was purchased by appellant's local office.

On April 2, 1954, when the balance owed by the appellee to the appellant was $559.00, appellee and his wife asked to borrow about $160.00 over and above the balance on the existing loan. A loan was made for $725.00, on which three payments were made in the amount of $43.00 each for a total of $129.00.

Then the Smiths went into bankruptcy and listed the debt owed to the appellant. After the bankruptcy the appellant picked up personal property or furniture in the home, on which it realized $80.00.

In the action the appellant claimed the right to recover judgment against Howard Smith on the basis that the debt was not dischargeable in bankruptcy because Howard Smith failed to list certain debts which, it claims, he had knowledge of and which appellant did not have knowledge of at the time he increased his loan in Columbus.

The evidence is conflicting on both questions as to the knowledge of the appellant of the debts by virtue of the earlier loan made in Cleveland and as to whether Howard Smith knew of the debts which were not included in his financial statement. The trial court was not favored with a copy of the financial statement made by the Smiths when they procured their loan in Cleveland, and some of these debts shown in the bankruptcy schedule under plaintiff's Exhibit No. 1 go back into early 1953  However, at Page 20 of the bill of exceptions, Mr. Burch of the appellant company, in response to Question 97, was asked by the court:

"Q97. Well, it was his obligation if he borrowed from you. A. Well, all right, but we held the paper on it.

"THE COURT: I think her point is: did you get the papers from the Cleveland office?

"THE WITNESS: Yes, we got the papers, sir.

"THE COURT:—That they sent to you. Then you had all the knowledge they had up there?

"THE WITNESS: That is, I suppose, true.

"THE COURT: That's what you're trying to get at?

"MRS. GALLEHER: Yes."

On the second point, as to whether Howard Smith knew of these debts, the testimony was generally to the effect that his wife takes care of the bills and that he was not aware of a lot of these bills that are listed:

"Q25. You mean you don't know anything about Dr. Clayman's bill? A. Well, let me put it this way. My wife takes care of paying all our bills, and I was not aware of a lot of these bills that are listed. In fact, I was aware of none of them that are listed on that account."

He further testified that he was not living at home for almost a year. In that manner he explains that he was not aware of all these claims when he signed the financial statement on April 2, 1954. which claims it became necessary for him to list in his schedule of debts in his bankruptcy petition which was signed on October 18, 1954.

It must be borne in mind that in determining this case. the trial court was only considering the evidence against Howard Smith since Mary Smith had been dismissed as a party defendant before the case went to final judgment. As urged by the appellee herein, the burden

rested upon the appellant to prove that this debt was not discharged nor dischargeable in bankruptcy.

There is ample evidence to sustain the judgment of the court for the defendant. It had the opportunity of observing the witnesses and determining their credibility. We find, therefore, that the first assignment of error, that the judgment of the Municipal Court is contrary to the manifest weight of the evidence, is not well taken. From a review of the briefs of counsel, the pleadings, and the evidence, we find that the second assignment of error, in which appellant contends that the judgment of the Municipal Court is contrary to law, is not well taken.

The judgment of the Municipal Court will be affirmed.

Judgment affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.